## ALSTON v. GRAVES & HOGAN.

1. Under the act authorising discoveries in suits at law, it is no objection to the discovery sought, that it does not rest within the exclusive knowledge of the party required to answer; or that it is not shown that the matter cannot be proved by witnesses.

2. When a party fails or refuses to answer interrogatories propounded under this act, the court is not authorised to consider the interrogatories as confessed, or to submit an account, exhibited with them, to the jury, without further proof than arises from the judgment by default, entered under the statute.

WRIT of error to the County Court of Marengo county.

*Assumpsit* by Graves & Hogan against Alston for medicines and medical services.   The defendant having failed to answer certain interrogatories propounded to him, under the statute, was defaulted, and the damages being uncertain, were assessed by a jury.

The caption to the interrogatories is in these words, after stating the title to the suit, &c.:  " Whereas, Peter E. Graves and

William L. Hogan, plaintiffs, &c., desire a discovery from the said Alston in said case, to be used as evidence on the trial of the same, do herewith file written interrogatories to said Alston, and hereby call on him to answer the same in solemn form on oath or affirmation." The interrogatories require the defendant to state whether the plaintiffs did not practice as physicians in his family during the year 1841, at his instance and request, and perform all the services, as mentioned in an account exhibited, at the times therein mentioned ; and if not, to state what parts were not performed. Also, to state where the said plaintiffs kept their office at the time of performing the services, and how far that place was distant from the place where the services were performed ; and how far the plaintiffs had to travel to perform the same.

The affidavit, on which this call for discovery was made on the defendant, is by one of the plaintiffs, and is in these terms : " Personally appeared, &c., Peter E. Graves, one of the plaintiffs, &c., who, being duly sworn, saith on oath, that the answers to the foregoing interrogatories, will be material evidence in the case stated, on the trial of the same."

These interrogatories were filed at the term next preceding that when the trial was had, and an order obtained thereon to compel a discovery under the statute. At the trial term, the defendant demurred to the affidavit and interrogatories, on the ground, that the facts alleged were not such as would have entitled the plaintiffs to a discovery in chancery. This was overruled by the court, and judgment by default was rendered against the defendant, and an inquiry of damages executed forthwith. On this inquiry of damages, the plaintiffs, having introduced a witness to prove the value of the services set forth in their account, closed their case. In the account exhibited with the interrogatories, there is no price affixed to services charged. The defendant then gave in evidence a copy of the account which had been furnished to him by the plaintiffs, wherein the amounts charged for the different services were different in several items, from the amounts charged for the same items in the account sued upon ; and, thereupon, asked the court to charge the jury, that the judgment by default for failure to answer the plaintiffs' interrogatories, was not sufficient evidence that the services, as charged, had been rendered, but that the plaintiffs must prove their services by other evidence. This was refused ; and the ju-

ry was instructed, that the failure to answer the interrogatories, and the judgment by default consequent thereon, was an admission on the part of the defendant, that the services were rendered as charged.   The court further charged, that the copy of the account introduced by the defendant, was evidence, not only of the services rendered, and of the value thereof, but of such medicines and their value as were specifically charged.   These several matters were excepted to by the defendant, and are here assigned as error.

Murphy, for the plaintiff in error, relied on the case of Branch Bank at Montgomery v. Parker, [June Term, 1843,] to show that the affidavit is insufficient ; and contended, also, that the plaintiff, notwithstanding the failure to answer, was bound to make out his case by proof

GOLDTHWAITE, J.—In the cases of Goodwin v. Wood, [January Term, 1843,] and Branch Bank at Montgomery v. Parker, [June Term, 1843,] we held that the proceedings under the act providing more effectually for discoveries in suits at common law, ]Clay's Digest, 341, § 160,] was chiefly to be governed by the rules which obtain in courts of equity in relation to bills for discovery ; and, in the former case, we considered interrogatories as in the nature of a *fishing bill,* when neither their subject matter, nor the affidavit of the party, showed the subject of inquiry to be within the knowledge of the person from whom an answer was required.   In the present case, the interrogatories, when taken in connexion with the declaration, obviously create the impression that the entire subject matter of inquiry is within the knowledge of the party who is called on to answer them ; but conceding this is sufficiently shown, the further question arises, whether the plaintiffs are entitled to a discovery in relation to matters of fact which are not alleged as difficult or incapable of proof by witnesses in the ordinary mode.

We are aware that it has been held in several cases, that if a bill seeks discovery in aid of the jurisdiction of a court of law, it ought to appear that such aid is required.   If a court of law can compel the discovery, a court of equity will not interfere ; and, it has been said, that when facts, which depend upon the testimony of witnesses, can be procured or proved at law, a court of equity

ought not to interfere to delay the cause. [Gelser v. Hoyt, 1 J. C. 547.] And bills for discovery and injunctions to stay proceedings at law, have been held defective when they did not aver that the defence could not be established at law without the aid of the discovery sought. [Legget v. Postly, 2 Paige 601 ; Seymour v. Seymour, 4 J. C. 411.]

However this may be with respect to bills for discovery and injunction to stay proceedings at law, until the discovery, it is certain that no such doctrine can be found in the elementary treatises, or in the English cases, when considering the right to a discovery in aid only of a suit or defence at law. Mitford lays down the rule in these words : The plaintiff may require this discovery, either because he cannot prove the facts, or in aid of proof to avoid expense. [Mitford on Plead. 207.] Lord Hardwick, in 1741, in Brownlow v. Gamal, [2 Atk. 240,] says, a plaintiff is entitled, not only to have discovery in matters which he cannot prove, but of such matters as may be of use and relief to him in recovering his title. Again, in 1751, in Lord Montague v. Dudman, [2 Vesey, 375,] he says, a bill of discovery lies here to aid the proceeding in some suit relating to a civil right in a court of common law. And, afterwards, [in Finch v. Finch, ib. 392,] he insists, that every plaintiff is entitled to have a discovery from defendants, on two heads : to enable him to have a decree, and to ascertain facts material to his case, either because he cannot prove, or in aid of proof; for a man may be entitled to an answer of what he can prove to avoid expense. Judge Story, in a note to his work on Equity Pleadings, after citing the New York cases, which seem to sustain a different course of practice, distinguishes them as being bills praying injunctions of the suits at law, as well as discovery ; and admits the rule is otherwise when the bill is for discovery only in aid of a suit or defence at law. [Story's Equity Plead. 260, n. 1.]

We feel authorized, then, to come to the conclusion, that, under this statute, it is no objection to the discovery sought, that it is not shown that the knowledge of the facts rests solely with the party, and that it is immaterial that they can be proved by other witnesses. These considerations show that there is no substantial defect in the affidavit and interrogatories, and the court properly enough defaulted the defendant for his failure to answer the interrogatories.

2. With respect to the subsequent action of the court, in admitting the account to the jury without evidence, and the charge to the jury, we remark, that it is certainly erroneous. The act referred to does not, either directly or by implication, warrant the idea that the effect of a decree *pro confesso*, was intended to result from a refusal or neglect to answer within the time allowed by the statute. It provides very distinctly what shall be done, if there is a failure to answer, or if the answer is evasive. The court may attach the party, and compel him to answer in open court. It may continue the cause, and require more direct and explicit answers; or, if the defendant is the party who fails to answer, his pleas may be stricken out, and a judgment given against him as by default; and, if he is the plaintiff, may order his suit to be dismissed with costs. Beyond the action thus indicated, there is no authority to act; and, consequently, the court erred in charging the jury, that the account must be considered as established by the default and the refusal to answer.

Judgment reversed, and cause remanded.