## HOGAN, SURVIVING PARTNER, &c. v. ALSTON.

1. A rule for an attachment against a party, or a witness, is a proceeding
collateral to the cause, and if the granting or setting it aside is not a mat-
ter within the discretion of the primary court, an error in respect to it, must
in general be corrected by a *mandamus*, or other appropriate remedy, in-
stead of a direct proceeding which impugns the judgment in the cause.

2. Where the plaintiff takes a judgment by default against the defendant,
for failing to answer interrogatories as provided by statute, and a trial is
had, and judgment rendered on verdict for the plaintiff, which is reversed
and the cause remanded; the judgment of reversal does not vacate the
judgment by default, yet it is competent for the primary court, after the
cause is remanded, to set it aside on the plaintiff's motion; but a refusal
to do so is not revisable on error.

3. In assumpsit, upon a verbal contract, the declaration should state a time
when it was made, but this is alledged only for form, and the plaintiff is at
liberty to prove a contract, express or implied, at any other time previous to
commencing the suit; and the insertion or omission of a *videlicit*, in mak-
ing the allegation of the time, can have no effect upon its materiality, or the
admission of evidence.

Error to the County Court of Marengo.

This was an action of assumpsit at the suit of the plain-
tiff in error, to recover of the defendant damages for medi-

cines, medical services, labour and attendance in and about the defendant, his family and servants, at his request

From a bill of exceptions sealed at the trial, it appears that the defendant had failed to answer certain interrogatories intended to elicit evidence to be used on the trial at law against him ; further, that for such failure a rule for an attachment had been entered against him. To this rule, the defendant appeared and answered ; whereupon the court being of opinion, that as the plaintiff had taken a judgment by default, as one of the alternatives directed by the statute, upon the defendant's failure to answer the interrogatories, it was not allowable to coerce answers by issuing an attachment ; and consequently discharged the rule for that purpose, notwithstanding the plaintiff's objection to the insufficiency of the cause shown.

The plaintiff then moved the court to permit him to set aside his judgment by default, that the defendant might be attached, and compelled to answer the interrogatories ; and to support this motion, made an affidavit that he was unable to establish his entire account, without the aid of the defendant's testimony. This motion was overruled.

Thereupon the cause was submitted to a jury, and in the progress of the trial, the plaintiff proposed to prove several items in his account contracted since the 1st July, 1841, (the day laid in the declaration,) but previous to the commencement of the suit; which items amounted to the sum of one hundred and forty dollars. But the defendant objected to the introduction of this evidence, and it was thereupon excluded.

To the several rulings of the court adverse to the plaintiff he excepted in due form ; and a verdict and judgment being rendered for the plaintiff for an amount much less than he claims, he has sued a writ of error to this court.

W. M. Brooks, for the plaintiff in error.

E. W. Peck, for the defendant.

COLLIER, C. J.—In respect to the rule for an attachment, the propriety of its discharge is not a question that can be

revised on error. It did not enter into, or in any manner influence the judgment of the County Court. Whether testimony is admissible, or a witness competent, are questions which regularly arise in the progress of a trial, and a decision either one way or the other, often determines the judgment of the court. consequently an error in such cases most usually furnishes a ground for the reversal of the judgment. But a rule for an attachment against a party, or a witness, is a proceeding altogther collateral to the cause; and if it be not a matter within the discretion of the primary court, the error, if any, must in general be corrected by a *mandamus,* or other appropriate remedy; instead of a direct proceeding which impugns the judgment in the cause.

The motion to set aside the judgment by default addressed itself to the discretion of the Circuit Court, under the circumstances of the case—all which it was entirely proper to take into consideration. This being the case, we cannot undertake to revise the refusal, and determine whether it was the result of a wise exercise of discretion. Upon a previous trial of this cause, had subsequent to the judgment by default, there was a verdict and judgment for the plaintiff, which was reversed by this court on error. That reversal, it is true, did not extend so far as to vacate the judgment by default. Yet, as the cause was *in fieri,* it was entirely comptent for the County Court, upon its being remanded, to set aside that judgment, and to permit the plaintiff to exhibit his interrogatories anew. See 6 Ala. Rep. 174.

The remaining question is, whether the plaintiff should have been allowed to prove charges in his account for services rendered subsequent to the promise alledged in his declaration. In personal actions, it is said, the declaration must in general state a *time* when every material or traversible fact happened, and when a venue is necessary, time must also be mentioned. The precise time, however, is not material, even in criminal cases, unless it constitute a material part of the contract, &c. declared upon, or where the date &c. of a written contract or record, is averred. "In assumpsit upon a parol contract, the day upon which it is made being alledged only for form, the plaintiff is at liberty to prove a contract, express or implied, at any other time." Chitty's Plead. 3d

Am. ed. 257-8; 1 Stephens N. P. 369; 2 Saund. R. 5, N. 3, 295, N. 2; 13 Johns. Rep. 253; 5 Pick. Rep. 189; 16 Id. 359; 2 Ala. Rep. 373.] But to tolerate this discrepancy between the allegation and proof, it has been said that the pleader should lay the time under a *videlicit*. In thus quoting from distinguished elementary writers, in Pharr & Beck v. Bachelor, 3 Ala. Rep. 237, we did not intend to be understood as declaring such to be the law, but even conceding that the rule was thus qualified, the pleadings in that case relieved it from the restriction. But we think liberalized as is our system of pleading, but little influence should be accorded to a *scilicet*. It is said by Mr. Chitty, where the consideration, or contract, or other matter alledged is material and traversable, the stating it under a *scilicet* will not avoid the consequence of a variance, and it will be considered as a sufficiently positive statement; and on the other hand, it has been decided that the omission of a *scilicet* will not render an immaterial averment, material to be proved as stated, even in a criminal proceeding, unless some positive allegation be adopted, as the words "and no more." [1 Chitty's Plead. 308. True *dicta* are to be found in some cases which accord to a *videlicit* the effect of relieving the pleader from the necessity of proving the time of a verbal promise as laid. See Step. Plead. 292; cases cited in 1 Chitty's Pl. 3d Am. ed. 308, note y. But the learned annotator upon the latter work, presumes upon the authority of the case in 6 T. Rep. 265, and upon the principle on which other decisions are founded, and from the doctrine of venue in transitory actions, and from the circumstance of time and place being in general not necessary to be proved as stated, even in an indictment, that the omission of a *scilicet* will not render it material to prove precisely as stated, matter which is immaterial. See also 2 Saund. Rep. 291, n.; 5 East's Rep. 252. Without considering this branch of the question further, we are satisfied that the omission of the *videlicet* in stating the *time* when the defendant's indebtedness accrued, cannot prevent the plaintiff from proving that he rendered services, or sold medicines to the defendant at any time, down to the issuing of the writ. From this view it results that the evidence

should not have been excluded from the jury. The judgment of the County Court is reversed, and the cause remanded.