| 39 | 551 |
| 105 | 235 |
| 39 | 551 |
| 113 | 328 |
| 113 | 332 |

## EASTON *vs.* THE STATE.

[JUDGMENT FOR FINE, FOR CONTEMPT.]

1. *Form of judgment for fine, for contempt.*—Where a fine is imposed for contempt of court, the better practice is to state in the judgment-entry the facts constituting the alleged contempt; but there is no

statute, or rule of court, in this State, which imperatively requires that this should be done, or invalidates a judgment which fails to state the facts.

2. *When appeal lies.*—An appeal does not lie from a judgment of the circuit court, imposing a fine for an alleged contempt.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THE record in this case contains, besides the appeal bond, citation, &c., only the judgment from which the appeal is taken, and which is in the following words : " It is ordered by the court, that a fine of fifty dollars be entered against W. C. Easton, for contempt. It is therefore considered by the court, that the State of Alabama, for the use of Mobile county, recover of W. C. Easton the sum of fifty dollars." This judgment is now assigned as error.

W. C. EASTON, *pro se.*
M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—The power to punish contempts by fine and imprisonment, is incident to all courts of justice ; and without such power, the administration of the law would be in continual danger of being thwarted by the lawless. This power seems to be as ancient as courts themselves.—See 4 Bla. Com. 288.

It is also settled, by an unbroken chain of authorities, that when the contempt is committed in the face of the court, " the offender may be instantly apprehended and imprisoned, at the discretion of the judges, without any further proof or examination."—*Ib.* 286 ; 1 Tidd's Pr. 479 ; 2 Bouv. Bacon's Abr. 633.

Another principle seems to be equally well settled, towit : that a judgment or sentence for contempt is valid, without any recital of the conduct or facts which constitute the contempt.—See *Ex parte Simmons,* 5 Ired. Law, 149 ; *State v. Woodfin, ib.* 199 ; *Lord Mayor's case,* 3 Wilson, 188–204.

In the case of *Simmons, supra,* Ch. J. Ruffin, delivering the opinion of the court, said : " It does not seem to us at present, that this order can be impeached. It was, indeed,

suggested that it might, because it does not sufficiently set out the facts on which the contempt arose; and it was supposed that an order is void, in which a case of contempt is not made out by a statement of proper facts, and finding of the contempt by the court upon those facts. But we do not hold such to be the law. The question has often arisen in England, and recently it has undergone, in that country, very elaborate, anxious, and learned discussion, both in parliament, and in the courts; and it is now given up, that the facts constituting the alleged contempt need not be stated. If, indeed, they be stated, and be insufficient—that is, are such as manifestly cannot amount to a contempt—it seems properly agreed that it must be disregarded, and the party discharged from an unlawful imprisonment; as in *Bushell's case*, (Vaughn, 135,) where he was committed 'for giving a verdict against full and clear evidence.' Therefore, it befits every court, which has a proper tenderness for the rights of the citizen, and a due respect to its own character, to state the facts explicitly, not suppressing those on which the person might be entitled to be discharged, more than it would insert others which did not exist, for the sake of justifying the commitment. A court which knows its duty, and is not conscious of violating it, will ever be desirous of putting upon the record, or in its process, the truth of the case; especially as thereby a higher court may be able to enlarge a citizen, illegally committed or fined. But, if the commitment or fine be in a general form for contempt, all other courts are bound by it, and the party can only free himself by [p]urging (?) the contempt before the court that has adjudged it."—See, also, *Burdett v. Abbott*, 14 East, 1; *S. C.*, 5 Dow. 199; *Case of Hobhouse*, 3 B. & Ald. 420; *Stockdale v. Hansard*, 9 Adol. & El. 1.

We approve what is here said by Ch. J. Ruffin; and while we think the practice of inserting in the judgment the facts which constitute the contempt, would be far more satisfactory, we do not think such insertion necessary to the validity of the judgment. Neither do we think our statute (Code, § 561) has modified the rule above discussed.

We have said thus much, to show that the present appel-

35

lant is without remedy, in any court, or in any form. If the judgment-entry showed error on its face, possibly it would furnish ground for a *certiorari;* or, if the party has been illegally imprisoned, for a *habeas corpus.* It furnishes no ground for appeal.—See *State v. Woodfin,* 5 Ired. Law, 199 ; *Ex parte Simmons, supra ; Martin, ex parte,* 5 Yerger, 456; *State v. Tipton,* 1 Blackf. 166.

Appeal dismissed.