TEXAS LAND AND MORTGAGE COMPANY v. W. B. WORSHAM ET AL.

No. 2892.

1. **Statute Regulating Foreign Corporations.**—The opinion in Barren v. Burnside, 121 United States, 186, followed, holding invalid an act of a State Legislature requiring foreign corporations to obtain a permit to transact business in the State, and making the right to a permit depend upon the surrender by the foreign corporation of a privilege secured to it by the Constitution and laws of the United States.

2. **Same—Statute Declared Unconstitutional.**—The Act of April, 1887, Twentieth Legislature, pages 116, *et seq.*, relating to foreign corporations, held unconstitutional.

3. **Same.**—But if said act were constitutional it should not be construed so as to preclude a corporation having acquired property in the State from asserting and protecting its rights in the courts of the State.

APPEAL from Gonzales.   Tried below before Hon. Geo. McCormick.   The opinion states the case.

*Harwood & Harwood* and *Thomas McNeal,* for appellant.—1.   By the law of comity among nations, a corporation created by one sovereignty is permitted to make contracts in another and to sue in its courts.   Bank v. Earl, 13 Pet., 519; 1 Minor's Inst., pp. 517, 518, and notes; 8 Am. and Eng. Ency. of Law, pp. 331, 332, 376, 377, and notes.

2.   Appellant's right of action having accrued before the Act of 1887 took effect, even if the act was constitutional, its failure to procure permit under that act could not deprive it of the right to sue.   The act only regulated the manner of doing business by foreign corporations after it took effect.   Sayles' Civ. Stats., art. 574a, p. 216.

*Burgess & Dibbrell,* for appellees.—1.   The Act of April 2, 1887, went into effect June 24, 1887, and appellant's cause of action accrued in November, 1888, and it was the duty of appellant, a foreign corporation, to have obtained a permit under said act before filing said suit.   Rev. Stats., art. 574a.

2.   The demurrer was properly sustained.   The Act of April 2, 1887, was not unconstitutional in so far as it required foreign corporations to file certified copies of their charters with the Secretary of State preliminary to their doing business in this State.   Act April 2, 1887, 20th Leg., p. 116.

The case of Barren v. Burnside, 121 United States Supreme Court Reports, Lawyer's edition, page 915, does not decide the question at issue. On page 920 the court says:   "The question as to the right of a State to impose upon a corporation engaged in interstate commerce the duty of obtaining a permit from the State as a condition of its right to carry on such commerce is a question which it is not necessary to decide in this case."

HENRY, ASSOCIATE JUSTICE.—The appellant is a corporation organized under the laws of the kingdom of Great Britain and Ireland.   In the year 1886 it made a loan of money, and to secure it took a mortgage on the land in controversy in this suit.   Subsequently it bought the land under the mortgage.

In September, 1888, appellee procured to be issued an order of sale that was adverse to appellant's claim of title, and under it had caused to be advertised a sale of the land to take place on the first Tuesday in December, 1888.

On the 29th day of November, 1888, appellant brought this suit to enjoin said sale.   Among other defenses the defendant specially excepted to the petition, because it failed to show "that plaintiff is a person entitled to sue in the courts of this State, and does not show that plaintiff, if a corporation under the laws of a foreign State, has complied with the laws of Texas so as to entitle it to do business in this State, and because plaintiff, if it has not done so, can not legally do business in this State, and has no standing in the courts of Texas."   The defendant also filed a general demurrer.

The court first sustained the above special exception and overruled the general demurrer.   Afterwards, when the plaintiff proposed to introduce evidence to prove its cause of action, the court required it to first "produce and read in evidence its permit from the State to transact business under the Act of the Legislature passed on the 2d day of April, 1887, which plaintiff failed to do; whereupon the court set aside its judgment overruling the general demurrer, sustained the demurrer, and dismissed the cause.   The correctness of this ruling is the only question presented by the record for our decision.

The first section of the act referred to requires any foreign corporation desiring to transact business in this State on or after January 1, 1888, to file with the Secretary of State "a certified copy of its articles of incorporation, duly attested, accompanied by a resolution of its board of di-

rectors or stockholders authorizing the filing thereof, and also authorizing service of process to be made upon any of its officers or agents in this State engaged in transacting its business, and requesting the issuance to such corporation of a permit to transact business in this State, said application to contain a stipulation that said permit shall be subject to each of the provisions of this act; and thereupon the Secretary of State shall issue to such corporation a permit for the general transaction of the business of such corporation, and upon the receipt of such permit such corporation shall be permitted and authorized to carry on its business in this State."

The second section directs that no foreign corporation which has not in good faith complied with the provisions of this act and taken out a permit shall hereafter be authorized to exercise  *  *  * any of the rights and privileges conferred upon corporations until it has complied herewith and taken out such permit.

The third section provides that " Any foreign corporation sued or impleaded in any of the courts of this State upon any contract made or executed in this State, or to be performed in this State, or for any act or omission, public or private, arising, originating, or happening in the State, which shall remove any such cause from such State court into any of the Federal courts held or sitting in this State, for the cause that such corporation is a nonresident of this State or a resident of another State from that of the adverse party, or of local prejudice against such corporation, shall thereupon forfeit and render null and .void any permit issued or granted to such corporation to transact business in this State."

The above statute is substantially, almost literally, the same as one previously enacted in the State of Iowa and passed upon by the Supreme Court of the United States in the case of Barren v. Burnside, 121 United States, 186. The court said: "As the Iowa statute makes the right to a permit dependent upon the surrender by the foreign corporation of a privilege secured to it by the Constitution and laws of the United States, the statute requiring the permit must be held to be void."

That case does not decide, nor do we, that a State may not require foreign corporations to obtain permits to transact their business within the State.

As is said in the opinion in the case cited, " The filing of the articles of incorporation and the provision in regard to the service of process are to be authorized by the same resolution which requests the issue of the permit, and this application or request is to contain the stipulation above mentioned. The various things are not separable. They are all indissolubly bound up with the application for a permit, which is to be subject to every provision of the act. The permit can not be issued unless such a stipulation is given, and the corporation is not to be permitted to carry on its business in the State unless the permit is issued to it and received by it."

We see no ground for questioning the correctness of the conclusions here announced.

Even if there existed no question about the constitutionality of the statute, we do not think it should be given the construction attached to it by the ruling of the court.

We do not think that the failure of the corporation to procure a permit, even if such failure had the effect of preventing it from further prosecuting its business in this State, should have the further effect of closing the courts of the State to it so as to preclude it from asserting rights and recovering property already acquired.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 18, 1890.