## DELAWARE & A. TELEGRAPH & TELEPHONE CO. v. PENSAUKEN TP. et al.

(Circuit Court, D. New Jersey. May 10, 1902.)

1. CORPORATIONS—FOREIGN—RIGHT TO DO BUSINESS—PROTECTION OF PROPERTY.

In an action by a New York corporation against a township in New Jersey, a declaration alleging that the defendant with force and arms injured and damaged 200 telegraph and telephone poles standing in such township, the property of plaintiff, and that defendant willfully, wantonly, and maliciously, with force and violence, destroyed a part of a telegraph line in operation in such township, to plaintiff's damage, states a cause of action, notwithstanding the New Jersey corporation act (section 387), providing that, until a corporation has complied with its provisions, it may not transact business in the state; since the prohibition to transact business does not subject the property of a corporation to wanton destruction.

D. J. Pancoast, for plaintiff.

E. A. Armstrong and Joseph H. Gaskill, for defendants.

KIRKPATRICK, District Judge. The plaintiff in this case is a corporation organized under the laws of the state of New York, and the defendants are corporations organized under the laws of the state of New Jersey. The action is one of tort for damages alleged to have been sustained by the plaintiff for injuries to its property in the state of New Jersey. The defendants have filed a general demurrer, thereby admitting the facts set out in their declaration. These facts are that the defendants with force and arms injured and damaged

¶ 1. See Corporations, vol. 12, Cent. Dig. §§ 2543, 2544.

200 telegraph and telephone poles standing in the township of Pensauken, in the state of New Jersey, the property of the plaintiff, and that the defendants willfully, wantonly, and maliciously, with force and violence, destroyed a part of a telegraph line in existence and operation on the River road in said township, to plaintiff's damage.

The only question now presented to the court is whether, on the facts stated and admitted, the plaintiff would be entitled to judgment. With the question of damages we have not now to do, nor can we anticipate the defense which the defendants might interpose in the way of plea or justification. For causes of demurrer the defendants specify the failure of the plaintiff to allege in its declaration that it has a legal existence in New Jersey, that it has authority to sue or to erect telephone lines in the township of Pensauken or the state of New Jersey, and that its poles were not a nuisance, which the defendants were authorized to abate. If it be admitted that the plaintiff be an existent corporation, it will be presumed that it has a right to the protection of the laws for the safeguarding of its property, and that it has a right to bring suit for malicious injury thereto. The New Jersey corporation act (section 387), to which reference has been made, merely provides that, until a corporation has complied with its provisions, it may not "transact business" in the state; but prohibition to transact business does not subject its property to wanton destruction. Whether the plaintiff's poles which have been injured and destroyed were where the plaintiff had a right to place them, or whether they were a nuisance, which defendants had a right to abate, are questions which should be raised by the defendants on special pleas. The demurrers filed should be overruled, and the defendants required to plead within 30 days after service upon them of a rule to be entered in accordance with this opinion.