# Alabama Power Company *v.* Adams, *et al.*

## *Eminent Domain.*

(Decided November 7, 1914. Rehearing denied December 17, 1914.
67 South. 838.)

1. *Contempt; Review.*—The court is not authorized to review the contempt proceedings on appeal from a judgment of condemnation, although the trial court incorporated its decision in the contempt proceedings against petitioner in the judgment in the eminent domain proceedings, since the contempt proceedings raised an issue entirely outside of the pending cause, and had no proper place in that record.

2. *Same; Taxation of Costs; Remedy.*—Where the owner, during the trial of condemnation, instituted contempt proceedings against the petitioner, and the court taxed the cost against the owner on denial of the motion to punish for contempt, the remedy of the landowner was by certiorari, mandamus or other extraordinary writ, pursued in a proceeding separate from the condemnation proceeding.

[Alabama Power Company v. Adams, et al.]

3. *Eminent Domain; Commissioners; Appointment.*—Under sections 3861, 3866, 3869, 3870 and 3871, Code 1907, the better practice is, in condemnation proceedings, to appoint but one commission to assess compensation where separate tracts of the same owner are sought to be taken, for otherwise confusion may ensue as to the consequential injury to land not taken.

4. *Actions; Consolidation.*—Where an applicant sought to condemn a right of way over separate tracts of land belonging to the same owner, and described the tracts in separate paragraphs, and separate commissioners were appointed in the probate court, the action of the circuit court in consolidating the issues was proper as avoiding any injury resulting from the appointment of such commissioner.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Proceedings by the Alabama Power Company against J. B. Adams and others, to condemn land under the eminent domain statute. From the judgment rendered petitioner appeals. Reversed and remanded.

KNOX, ACKER, DIXON & SIMS, and THOMAS W. MARTIN, for appellant.

RIDDLE, ELLIS & RIDDLE, for appellee.

SAYRE, J.—(1, 2) The contempt proceeding against appellant put on foot during the trial of this cause in the court below raised an issue entirely outside of the pending cause and has no proper place in this record. The fact that the trial court incorporated its judgment in the proceeding for condemnation under the right of eminent domain cannot suffice to establish the right to a review of the former judgment on the record of this appeal. Whether the court was or was not without power to tax defendant with the costs of the proceeding after denying the motion to punish for contempt—a question we do not purpose to consider at this time—defendant's remedy was by certiorari, mandamus, or some like extraordinary writ, and should have been pursued in a separate proceeding.—*Easton v. State,* 39 Ala. 551, 87 Am. Dec. 49.

(3, 4) Appellee owned a large tract of land contained in one continuous, though very irregular, boundary, over and through which appellant's transmission line has been located by virtue of the condemnation proceeding in this case. At two points, other ownerships push in across the transmission line, so that so much of it as is located upon appellee's land is divided into three disjoined sections. Appellant's petition for condemnation hence alleged appellee's ownership and described his land in three separate paragraphs. It appears that two commissions were issued for the assessment of appellee's damages, one to assess the damages to be caused by appellant's line over two of the aforementioned sections, the other to assess the damages to be caused to the other section. The commissioners reported at different times and their reports were confirmed. Separate appeals were taken from each order or decree of confirmation to the circuit court, where the question of damages was to be tried de novo, and on appellee's motion the two appeals were consolidated and the cause, which had thus been broken up, was tried as one.

It is provided that where there are several tracts of land lying within one county, of which parts are proposed to be taken or in which an interest or easement is proposed to be acquired, the applicant may join them all in separate paragraphs in the same application.—Code, § 3861. Section 3866 reads as follows: "If there are several distinct tracts of land owned by different persons embraced in the application, the owners of each tract may have a separate hearing as to the right to condemn their lands, and the court may, if it finds that the application should be granted as to some and not as others of the owners, make and enter its decree accordingly."

It is further provided that a commission shall issue and that the commissioners "shall assess separately the damages and compensation to which the several owners of each of the several tracts of land are entitled."—Code, §§ 3869-3871. It does not appear that the probate court may not arrange for an assessment of damages to different tracts by different commissions, and it is rather clear that the dispatch of business, the convenience of parties, and their more substantial interests may be served by such an arrangement for the assessment of damages. In the case at hand, however, it would have been better that only one commission be appointed to assess compensation to appellee, for confusion in such case in respect of the evidence of consequential injury to the land not to be taken may ensue, where such damages are claimed, and no doubt the court could have so ordered, had it been given to understand that appellee's land lay in one body. But, however this may be, there could have been no harm in consolidating the issues anew in the circuit court, where the case was to be tried de novo.

Other questions argued have been considered and disposed of in *Alabama Power Co. v. Keystone Lime Co., Infra,* 67 South. 833, where we held that the record showed reversible error. So in this case.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.