(107 So. 750)

## PRESKITT et al. v. CHANDLER et al.
### (7 Div. 628.)

(Supreme Court of Alabama. March 18, 1926.)

1. **Injunction** ⬅➡231—Appeal from decree overruling motion to dissolve temporary injunction, and adjudging one respondent in contempt, held not dismissable; part of decree being appealable (Code 1923, § 6081).

Appeal from decree overruling respondents' motion to dissolve temporary injunction and adjudging one respondent in contempt *held* not dismissable on motion to dismiss based on part of decree with respect to contempt, in view of other part of decree which is appealable under Code 1923, § 6081.

2. **Appeal and error** ⬅➡1009(3)—Decree, rendered by chancellor on conflicting oral evidence, will not be disturbed by Supreme Court unless it is plainly and palpably erroneous.

Decree, rendered by chancellor on conflicting oral evidence, will be accorded weight of verdict of jury, and will not be disturbed by Supreme Court unless it is plainly and palpably erroneous.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Petition in equity by E. J. Chandler and another against D. O. Preskitt and another, to enjoin the violation of a former decree of the court. From the decree rendered, respondents appeal. Affirmed.

Frank M. Savage, of Centre, for appellants.

Counsel argues for error in the decree, but without citing authorities.

Hugh Reed, of Centre, for appellees.

No appeal lies from a decree adjudging appellant in contempt of court. Easton v. State, 39 Ala. 551, 87 Am. Dec. 49; Ex parte Dickens, 50 So. 218, 162 Ala. 272.

GARDNER, J. Motion is made to dismiss this appeal upon the theory that the decree appealed from is one adjudging appellant in contempt of court, from which no appeal lies, citing Easton v. State, 39 Ala. 551, 87 Am. Dec. 49; Ex parte Dickens, 50 So. 218, 162 Ala. 272.

[1] Appellees, upon bill filed for that purpose, obtained a final decree against Mary Chandler and appellant D. O. Preskitt, enjoining them from cutting and removing timber on the lands therein described, with certain modifications as to Mary Chandler. Appellees subsequently filed the present petition, alleging that these same parties were cutting and removing the timber in violation of the terms of the former decree of the court. A temporary writ of injunction was ordered and issued pursuant to the prayer of said petition, and also citation issued to the parties to show cause why they should not be adjudged in contempt of the court. Answer was filed and motion made to dissolve the temporary writ of injunction. The decree was entered, overruling the motion to dissolve the temporary writ of injunction and adjudging D. O. Preskitt in contempt. Whether further injunction was necessary or not under the circumstances, we need not stop to inquire. Bond was made in the usual manner, pursuant to the usual order and writ issued. From a decree overruling the motion to dissolve the injunction an appeal lies. Section 6081, Code of 1923. The motion to dismiss the appeal overlooks this feature of the decree, and will be denied.

[2] Upon the hearing, it appears as by common consent the evidence was taken orally before the chancellor, who was the same chancellor who rendered the final decree. The evidence was in conflict, but it is urged by appellants the decree rendered was against the great preponderance thereof and should be reversed.

Appellant Preskitt insists what he did was within the terms of the decree rendered, while it is the insistence of the appellees that appellant's part in the matter was an effort at evasion of the former decree.

It is now the settled rule in this state that, when the evidence is taken orally before the chancellor, the decree rendered is accorded the weight of the verdict of a jury, and will not here be disturbed, unless plainly and palpably erroneous. Caples v. Young, 89 So. 460, 206 Ala. 282; McClurkin v. McClurkin, 90 So. 917, 206 Ala. 513; Hodge v. Joy, 92 So. 171, 207 Ala. 198.

In the light of the foregoing rule, and upon due consideration of the testimony, we are unwilling to disturb the decree overruling the motion to dissolve the injunction.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes