31 So.2d 81

### JONES v. JONES.
### 6 Div. 460.

Supreme Court of Alabama.
May 8, 1947.

Rehearing Denied June 30, 1947.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellant.

Ben F. Ray, of Birmingham, for appellee.

LIVINGSTON, Justice.

This is an appeal from a decree of the Circuit Court, in Equity, of Jefferson County, Alabama, adjudging Robert Jones in contempt of court for his failure or refusal to pay an award for separate maintenance to his wife in accordance with the decree of that court. Appellant also on submission prayed for the alternative writ of mandamus in the event the appeal was found not to be the proper remedy.

It has long been the rule in this jurisdiction that contempt proceedings are not reviewable by appeal under our statutes. The remedy is by certiorari. Easton v. State, 39 Ala. 551, 87 Am.Dec. 49; Ex parte Dickens, 162 Ala. 272, 50 So. 218; Alabama Power Co. v. Adams, 191 Ala. 54, 67 So. 838, Ann.Cas.1917C, 878; Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 542, 68 So. 971; Preskitt v. Chandler, 214 Ala. 278, 107 So. 750; Bankston v. Lakeman, 219 Ala. 508, 122 So. 819; Pope v. State, 229 Ala. 643, 159 So. 51.

The writ of mandamus is an extraordinary legal remedy grantable only when petitioner shows a clear, specific legal right for the enforcement of which there is no other adequate remedy. Poyner v. Whiddon, 234 Ala. 168, 174 So. 507. It will not lie for the mere purpose of review. Ex parte Hartwell, 238 Ala. 62, 188 So. 891. Certiorari affords appellant petitioner an adequate remedy, and is the only available remedy to review the action of the trial court in a civil contempt proceeding.

The appeal is dismissed, and the writ of mandamus is denied.

Appeal dismissed: mandamus denied.

All the Justices concur.