252 So.2d 61

Marion J. JONES, Jr.

v.

KENDRICK REALTY CO., a Corp.

4 Div. 410–A.

Supreme Court of Alabama.

Aug. 26, 1971.

Marion J. Jones, Jr., pro se.

COLEMAN, Justice.

One respondent to a bill for temporary and permanent injunction to restrain trespass on land appeals from a decree overruling his motion to dissolve a temporary injunction.

The bill was filed March 19, 1970. Its averments are that complainant is a corporation organized under the laws of the State of Georgia with its principal place of business in Columbus, Georgia; that respondents, appellant and his wife, are over the age of twenty-one years and reside in Russell County, Alabama; that complainant is the owner of certain described real estate in Phenix City, Alabama; that title to said real estate is settled and vested in complainant as against respondents, and there is no suit pending to test complainant's title to said real estate; that complainant acquired title thereto by foreclosure deed dated February 25, 1969, and duly recorded in the office of the Judge of Probate of Russell County, and by virtue of a judgment in ejectment in favor of complainant and against respondents; that a true copy of said foreclosure deed is attached as an exhibit to the bill; that on November 12, 1969, the sheriff of Russell County, or his deputy, acting pursuant to a writ of possession issued by the clerk of the Circuit Court of Russell County pursuant to said judgment in ejectment placed complainant in lawful possession of said real estate; that respondents trespassed on said real estate on November 13, 1969, and have remained as trespassers thereon or therein almost constantly at all times since; that the reasonable, fair market value of said real estate and dwelling is at least $100.00 per month, and respondents have failed or refused to pay any rent for their use and occupancy of said real estate since complainant became the owner thereof; on information and belief, that respondents are insolvent and unable to pay any rent to complainant; that complainant will suffer irreparable damage if respondents are permitted to remain in possession of or to continue to trespass upon said real estate; that complainant does not have an adequate remedy at law; and that complainant offers to do equity.

Complainant prays for temporary and permanent injunctions restraining respondents from trespassing on said real estate or interfering with complainant's possession of same, and prays for general relief.

Complainant prays that the court set a day for hearing on the prayer for temporary injunction. The court set a day, hearing was had, and temporary injunction was granted and issued.

The grounds of motion to dissolve are:

"1.

"There is no equity in the bill.

"2.

"The bill fails to allege facts on which relief in equity can be granted.

**404**

"3.

"The relief prayed for in said Bill of Complaint is without equity.

"4.

"The Court has no jurisdiction upon which to grant any relief under the allegations contained in said Bill of Complaint."

Assignments 1 and 2 are that the court erred in overruling the motion to dissolve: (1) ". . . . in that said injunction does not speak the truth (R 2–34)"; and (2) ". . . . in that the appellee came into court with unclean hands (R 2–34)."

Appellant argues that the bill does not speak the truth because complainant avers that there is no suit pending to test the complainant's title; "When, in fact, there is a case—Equity Case No. 19492—which shows the mortgage to be void on its face." The grounds of the motion to dissolve are that there is no equity in the bill. On demurrer and ". . . . motion to dissolve for *want of equity* in the bill the averments are taken as true . . . ." Poyner v. Whiddon, 234 Ala. 168, 174 So. 507, ¶ [4, 5].

■ Respondent filed a sworn answer to the bill in which he says that Case No. 19492, in equity, is pending. Assuming, without deciding, that another suit to test title is pending, we are not advised of any authority holding that a bill for temporary injunction against trespass is without equity because another suit is pending to test the title to the land in suit. Respondent cites Kirkley v. Bailey, 282 Ala. 115, 209 So.2d 398, and Richardson v. Stephens, 122 Ala. 301, 25 So. 39. As we understand them, the two cases last cited do not support respondent's proposition. The instant bill is not to determine title, but is for injunction. On the authorities now before us, we do not think the pendency of Case No. 19492 requires us to hold that the instant bill is without equity.

In support of Assignment 2, respondent argues that complainant came into court with unclean hands for two reasons, to wit: (1) because complainant's attorney was a deputy sheriff, and (2) because complainant is a foreign corporation and does not allege that it has complied with Section 232 of the Constitution of 1901 and certain statutes relating to foreign corporations in Alabama.

■ Respondent does not, in his motion to dissolve or in his answer, directly charge that complainant's counsel is a deputy sheriff or assign such fact as a ground of the motion. As we understand respondent's brief, he cites no authority for the proposition that a bill for injunction is without equity because complainant's attorney was a deputy sheriff, and we are not advised of such authority. In these circumstances, we are of opinion that the injunction should not be dissolved on the ground that complainant's counsel was a deputy sheriff. We are not to be understood as suggesting that it is at all permissible for a deputy sheriff to practice law. § 45, Title 46, plainly requires that: "The . . . . deputy of the sheriff, must not practice law . . . ." § 57, Title 46, provides that: "Any sheriff . . . . or deputy thereof . . . . who practices law in any court of this state, must, on conviction, be fined not less than one hundred dollars." If the statute has been violated, the violator should be punished as provided by law and not permitted to repeat the offense in the same court or in any other court where the court knows that an attorney undertaking to practice before the court is a deputy sheriff. We are not to be understood as saying that the instant record shows that any attorney who appeared in this case was a deputy sheriff.

Respondent argues that the bill is without equity because it is averred that complainant is a foreign corporation and it does not appear from the averments that complainant has complied with Section 232 of the Constitution and certain statutes which require, among other things, that no foreign corporation shall do any business in this state without having at least one known place of business and an authorized

agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation.

Respondent relies on the doctrine of cases such as Christian v. American Freehold Land & Mortgage Co., 89 Ala. 198, 7 So. 427, in which this court reversed for error in overruling demurrer predicated on the failure of the bill to allege compliance with our laws as to designation of a place of business and an agent. This court said:

". . . . We adhere to, and re-affirm the opinions in those cases, and hold that the bill in this case is without equity, if it can be construed as showing, either by averment or the absence of necessary averment, that the complainant, at the time of the transaction in question, had not complied with the law in the matter of designating 'a known place of business in this State, and an authorized agent or agents residing thereat.' . . . ." (89 Ala. at 199, 7 So. at 427)

Among other cases, respondent cites Muller Mfg. Co. v. First National Bank of Dothan, 176 Ala. 229, 57 So. 762, where the bill was to enforce a materialman's lien. This court said:

"If a bill filed by a foreign corporation shows upon its face that it did business in this state, and upon which the relief sought is predicated, it should aver a compliance with the Constitution and statutes of this state before entering upon or engaging in said business, and which is a condition precedent to relief, and the bill is demurrable if it omits this essential averment. . . . ." (176 Ala. at 231, 57 So. at 763)

In Restatement of the Law, Conflict of Laws, 1934, page 263, the following statement appears:

"Recovery for Wrongs to Corporation. *A foreign corporation, though doing business in a State without complying with terms imposed by the State, is not barred from recovery for injuries to its property or for other torts against it,* whether committed in the State of suit or elsewhere, although there is a statute prohibiting or declaring unlawful such corporation doing business without compliance with the requirements, unless the statute bars in specific words the corporation from maintaining any action in its courts."

In 136 A.L.R. 1160, there is an annotation on the right of foreign corporations to sue for tort. Several cases are cited, among them Utley v. Clark-Gardner Lode Mining Co., 4 Colo. 369, in which the court affirmed a judgment in an action for trespass on land in favor of a foreign corporation which had not complied with the statutes of Colorado for doing business therein. The court said:

". . . . By its power to sue it does not seek to do business, as that term is generally understood, but to enforce rights springing from business transactions.

"By the comity of the States composing the Union a corporation created by the laws of one State may exercise all the enumerated powers in any other State, in the absence of any prohibitory statute or conflicting policy. Story's Con. Law, § 38.

" . . . . . . . . . .

"The question is, how far is this general rule modified or abridged by the statute. The prohibition extends to doing business before compliance with the terms of the statute. We do not think this an abridgment of the right of a foreign corporation to sue. . . . ." (4 Colo. at 373)

See also: Probst v. Trustees of Board of Domestic Missions, 3 N.M. 373, 5 P. 702; Texas Land & Mort. Co. v. Worsham, 76 Tex. 556, 13 S.W. 384; War Eagle Consol. Min. Co. v. Dickie, 14 Idaho 534, 94 P. 1034; Seifert v. Rusch, 269 Pa. 53, 112 A. 121; and Delaware & A. T. & T. Co. v. Pensauken Twp., C.C., 116 F. 910.

In Boulden v. Estey Organ Co., 92 Ala. 182, 9 So. 283, this court affirmed a judg-

ment for plaintiff in detinue to recover a piano which was conditionally sold to the vendor of defendant. Plaintiff was a foreign corporation. This court held the contract void, but upheld plaintiff's right to recover, saying: "The title remained with the Estey Organ Company."

 Section 232, Constitution 1901, and the statutes relied on by respondent do not expressly declare that a noncomplying foreign corporation cannot maintain a suit to protect its property in this state. The instant suit is a suit to protect complainant's property rights, it is not a suit to enforce a mortgage or other contract. We hold that, as against the objections raised by respondent, complainant may maintain the suit to enjoin respondent from trespassing on complainant's property and that the court did not err in overruling respondent's motion to dissolve the temporary injunction.

In Assignments 4 and 5, respondent asserts that the court erred in granting the temporary injunction.

 The instant appeal was taken February 27, 1971, from the decree of February 13, 1971, overruling respondent's motion to dissolve the injunction. The decree or order granting the injunction was rendered March 27, 1970, after notice and hearing pursuant to Title 7, § 1054 et seq. An appeal to this court will lie from the order of March 27, 1970, if taken within ten days thereafter. (Section 4531, Code 1907; § 1057, Title 7, Code 1940). Malone v. Decatur Cotton Compress Co., 211 Ala. 522, 100 So. 807. The instant appeal was not taken within ten days after March 27, 1970, and appellant cannot on this appeal from the interlocutory decree of February 27, 1971, assign for error the decree of March 27, 1970.

· " . . . . It is well settled that ·on an appeal from an interlocutory decree, appellant cannot assign for error interlocutory decrees rendered more than thirty·days before the appeal was taken, but may do so from final decree. Lampkin v. Strawbridge, 243 Ala. 558, 11 So.

2d 130; Bain v. Howell, 247 Ala. 514, 25 So.2d 167; Eatman v. Nuckols, 251 Ala. 544, 38 So.2d 494." Woods v. Allison Lumber Co., 258 Ala. 282, 285, 62 So.2d 229, 231.

Assignments 4 and 5 are not considered.

In Assignment 6 respondent asserts that the court erred in not granting motion for continuance to hold the matter in abeyance, citing "(R 16–17)."

It appears from page 16 of the transcript that respondent submitted without argument on the motion to dissolve, and the court stated that the motion was overruled. On page 17, respondent stated that he gave notice of appeal from the overruling of the motion to dissolve and asked that the contempt proceedings be continued. The court overruled the motion to continue.

 The motion to continue is not a part of the proceedings on the motion to dissolve the injunction. On this appeal from the decree on the motion to dissolve, the contempt proceedings are not before us, as is next stated, and Assignment 6 is not considered.

In Assignments 3 and 7 respondent asserts that the court erred in holding him in contempt.

Included in this record is a decree rendered February 23, 1971, holding respondent in contempt for violating the injunction.

 The decisions of this court are to effect that such a decree will not support an appeal.

"It is well-established in our jurisdiction that the proper remedy to seek a review of a contempt proceeding is by habeas corpus if the party is in jail, or by certiorari if the party is not. Appeal is not the proper remedy. Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886." Killingsworth v. Killingsworth, 284 Ala. 524, 530, 226 So.2d 308, 314.

See: Ex parte Dickens, 162 Ala. 272, 50 So. 218; Board of Revenue of Covington

County v. Merrill, 193 Ala. 521, 68 So. 971; Bankston v. Lakeman, 219 Ala. 508, 122 So. 819; Wetzel v. Bessemer Bar Ass'n, 242 Ala. 164, 5 So.2d 722.

This court has said:

" . . . . 'A "civil contempt" consists in failing to do something, ordered to be done by a court in a civil action, for the benefit of the opposing party therein.' 9 Cyc. 6. While there have been some opinions to the contrary, the weight of authority, as well as the reason of the case, is that a proceeding for contempt is not a part of the main case, before the court, but is collateral to it, a proceeding in itself, and consequently would not come up for consideration on an appeal in the main case. 9 Cyc. 33; Hogan v. Alston, 9 Ala. 627." Ex parte Dickens, 162 Ala. 272, at 276, 277, 50 So. 218 at 220.

"The contempt proceeding against appellant put on foot during the trial of this cause in the court below raised an issue entirely outside of the pending cause and has no proper place in this record. The fact that the trial court incorporated its judgment in the (contempt proceeding into its judgment in the) proceeding for condemnation under the right of eminent domain cannot suffice to establish the right to a review of the former judgment on the record of this appeal. Whether the court was or was not without power to tax defendant with the costs of the proceeding after denying the motion to punish for contempt— a question we do not purpose to consider at this time—defendant's remedy was by certiorari, mandamus, or some like extraordinary writ, and should have been pursued in a separate proceeding. Easton v. State, 39 Ala. 551, 87 Am.Dec. 49." (Par. Added)[1] Alabama Power Co. v. Adams, 191 Ala. 54, 55, 67 So. 838, 839. See: Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598, 157 So.2d 23.

The decree holding respondent in contempt is not before us for review.

Affirmed.

HEFLIN, C. J., and SIMPSON, BLOODWORTH, and McCALL, JJ., concur.

---

1. The words in parentheses appear in the original opinion in Record of Opinions, Vol. 59. These words were omitted in 191 Ala. at 55. See: 67 So.2d at 838; 193 Ala. at 542, 68 So. at 978.