## DEVENY et al. v. SUCCESS CO.
### (No. 6515.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1921. Rehearing Denied March 9, 1921.)

1. **Corporations ⟨©⟩661(1) — Cancellation of permit does not prevent recovery by foreign corporation in pending suit.**

When construed in connection with Rev. St. art. 1314, forbidding suit by a foreign corporation on a contract unless when the contract was mailed it had filed its articles of incorporation, article 7399, providing that a corporation failing to pay its annual franchise tax in advance as required by article 7394 shall thereby forfeit its right to do business and be denied the right to sue or defend in any of the courts of the state, and that in any suit against it on a cause of action arising before forfeiture no affirmative relief shall be granted, the forfeiture of a foreign corporation's permit does not prevent its recovery in an action brought by it before the forfeiture for breach of a contract while it was authorized to do business, though such construction establishes a different rule for foreign corporations as plaintiffs from that applying to them as defendants.

2. **Corporations ⟨©⟩652—Statute canceling foreign corporation's permits is not to be liberally construed.**

Rev. St. art. 7399, providing for forfeiture of the permits of a foreign corporation for failure to pay the annual tax, is more or less penal in its nature and is not entitled to a liberal or strained construction.

3. **Corporations ⟨©⟩661(1)—Foreign corporation voluntarily withdrawing can collect accrued accounts.**

A foreign corporation, which had not attempted to engage in business within the state after its permit was forfeited for failure to pay the annual license tax, must be assumed to have voluntarily withdrawn from business within the state and cannot be denied the right thereafter to collect by suit in the state courts an account accruing to it while lawfully engaged in business within the state.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by the Success Company against A. L. Deveny and another. Judgment for plaintiff, and defendants appeal. Affirmed.

McCutcheon & Church, of Dallas, and W. D. Caldwell, of Fort Worth, for appellants.

Hart & Patterson, of Austin, for appellee.

SMITH, J. "The Success Company's Branch Offices," a New York corporation, recovered judgment against A. L. Deveny, as principal obligor, and J. M. Deveny, as surety, for $818.97, being the balance due on a running account arising under the terms of certain written contracts between the parties. The case was tried by the court without a jury, and the Devenys have appealed.

The trial court filed no written findings of fact or conclusions of law.

Appellants, in their brief, do not challenge the correctness or justness of the account sued on, or of the judgment rendered thereon, but are content to rest their appeal on their proposition that at the time the case was tried appellee, being a foreign corporation, had no existing permit to engage in business in Texas, and accordingly had no right to enforce the collection of its account through the courts of this state.

[1] The record shows that in 1915 appellee, as required by article 1314, R. S., filed a certified copy of its charter with the Secretary of State, who thereupon issued to appellee a permit to transact its business in the state. This permit continued in force, and appellee paid its franchise taxes due the state, until July 2, 1918, when, because of the failure of appellee to pay the franchise tax due for the period between May 1, 1918, and May 1, 1919, the permit was canceled and the right of appellee to transact its business in the state was forfeited, as provided in article 7399, R. S. The account sued on accrued in the years 1915, 1916, and 1917; the last item thereof becoming due in February, 1917, more than a year before the cancellation of appellee's permit. Appellee brought suit on the account in December, 1917, more than six months prior to the cancellation of its permit.

So, it will be seen that the transactions involved occurred, and the account accrued, and suit was brought thereon, at a time when appellee was lawfully engaged in business in this state under a permit issued to it for that purpose under the authority of the state. And it seems quite clear to us that the rights and liabilities of the parties to this transaction were thereby irrevocably fixed, and that the right became vested in appellee, so to speak, to use the courts of this state to enforce the collection of its account against appellants, and we so hold.

[2] Article 7394 of the Revised Statutes provides that foreign corporations, such as appellee, shall, on or before May 1st each year, pay its annual franchise tax, "in advance," and article 7399 provides that, if this tax be not paid by July 1st following its due date, such corporation shall thereby forfeit its right to do business in Texas, and that, in such event, the excluded corporation shall be "denied the right to sue or defend in any of the courts of this state," and that "in any suit against such corporation on a cause of action arising before such forfeiture, no affirmative relief shall be granted." Obviously, the provision last quoted has no application here, since it applies only to corporations defendant, and does not apply to corporations plaintiff, as in this case. That the provision as so construed may tend to make a goat of a defendant and a sheep of a plaintiff does not matter; the provision is plain, and admits of no other construction. Being more or less penal in its nature, it is not entitled to a liberal or strained construction. So it is with reference to the provision denying to ousted foreign corporations the "right to sue or defend in any of the courts of this state." Surely it was not intended that this provision should relate back to and affect lawful transactions occurring at a time when the corporation's franchise tax was fully paid up and it was operating under a permit issued to it under the lawful authority of the state, and then in full force and effect. Kingman Co. v. Borders, 156 S. W. 614; Stark Co. v. Harry Bros. Co., 57 Tex. Civ. App. 529, 122 S. W. 947; Texas, etc., Co. v. Worsham, 76 Tex. 556, 13 S. W. 384. This conclusion is further supported by the language of article 1318, R. S., which provides that a foreign corporation cannot "maintain any suit * * * in any of the courts of this state upon any demand * * * arising out of contract * * * unless at the time such contract was made * * * the corporation had filed its articles of incorporation under the provisions of this chapter in the office of the Secretary of State for the purpose of procuring its permit." If it had been intended by the Legislature to cut off such corporation from access to our courts in cases such as this, it would have expressly excluded them from the courts unless the permit was in effect at the time suit is filed and judgment rendered.

So, we hold that, as appellee's right of action accrued at a time when it was lawfully engaged in business in this state, and its franchise tax for such period had been paid, and it was conducting its business under the authority of a permit issued to it by the state for that purpose and still in force, the courts of the state were open to it to enforce such right, notwithstanding it had in the meantime forfeited its privilege to continue the transaction of such business here.

[3] And there is another reason why appellee should not be denied access to our courts for the purpose of collecting its account against appellant. There was testimony authorizing the court to find, and we must assume that it did find, that after the cancellation of its permit on July 2, 1918, appellee did not engage, or attempt to engage, in business in this state. This being the case, we must assume that appellee had completed the business which brought it into this state, and had withdrawn, voluntarily, from the state, and brought this suit merely to collect an account accruing to it while lawfully engaged in business in Texas under the authority and laws thereof, which it would, of course, have the right to do.

All of appellants' assignments, relating as they do to the question discussed, are overruled, and the judgment is affirmed.