**DUPUY et ux. v. SHILLING et al.   (No. 1575.)**

Court of Civil Appeals of Texas.   Beaumont.
Oct. 11, 1927.

1. **Contracts ⊂⊃295(1)—Where contractor had not fully performed building contract, he could not recover thereon without invoking equitable doctrine of substantial performance.**

Where, in an action by a building contractor for recovery of compensation for performing his part of a building contract, it appeared from the pleadings and proof that there was not a full compliance with the plans, specifications, and terms of the building contract, *held* that plaintiff could not recover without invoking the equitable doctrine of substantial performance.

2. **Contracts ⊂⊃295(1)—That it would require over one-third of building contract price to make good contractor's failure of performance showed failure of substantial performance.**

Where, in suit by building contractor for compensation, it was shown that it would require more than one-third of the contract price to complete the building and make good the failure of the contractor's full performance, *held* that such facts showed performance on the builder's part was not substantial.

3. **Mechanics' liens ⊂⊃88, 89—Sum, in materials and labor, furnished by others and not paid for by contractor, should not have been allowed him in mechanic's lien foreclosure.**

Where a certain sum in materials and labor furnished by others was, under a building contract, to have been paid for by the contractor, but he had not paid, he should not have been allowed such sum in his mechanic's lien foreclosure suit.

4. **Trial ⊂⊃251(4)—Where plaintiff pleaded full performance of contract on his part and did not plead quantum meruit, latter issue should not have been submitted.**

Where, in a contractor's mechanic's lien foreclosure suit, plaintiff alleged full performance on his part and did not plead quantum meruit, issue should not have been submitted on quantum meruit.

5. **Mechanics' liens ⊂⊃73(2)—Lien for quantum meruit performance for improvements on homestead cannot be granted unless written contract so provides.**

There can be no lien for a quantum meruit performance in the execution of a builder's contract for improvements on a homestead unless there is such an express provision in the written contract providing for the lien.

6. **Evidence ⊂⊃513(2)—In action on building contract, exclusion of testimony of skilled builder that work was improperly done held error.**

Where a contractor brought an action to recover from a building owner for the contract price of the work on latter's building excluding the testimony of a person skilled and experienced in carpentry and building of houses, who had examined the work done on the house, was error, since testimony was admissible to show that the work was not performed in a workmanlike manner.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by J. A. Shilling and another against P. E. Dupuy and wife. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

M. S. Duffie and Jas. A. Harrison, both of Beaumont, for appellants.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellees.

O'QUINN, J.   J. A. Shilling filed suit in the district court of Jefferson county, Tex. against P. E. Dupuy and his wife, Essie Dupuy, to recover on a note in the sum of $1,725, alleged to be secured by a mechanic's, laborer's, and materialman's lien on the south half of lot 6, block 30, McFaddin Second addition to the city of Beaumont, and for a foreclosure of said lien.

Appellants, defendants below, answered, pleading failure of consideration and that Shilling did not substantially perform the building contract, setting out numerous defects and deviations in the work as provided for in the contract.

By supplemental petition, Shilling denied the matters of defense set up in appellants' answer, and said that no material deviations were made from the original work provided for in the plans and specifications, and that the repairs and constructions contracted for were made in substantial compliance with the contract between the parties, and prayed, as originally, for judgment for the entire contract price. The original contract provided that the note should be paid in monthly installments of $25.90, but by written agreement payment was changed to be made upon the completion and acceptance of the work.

The Gulf Manufacturing & Lumber Company intervened in the suit, alleged that it had furnished the material and labor for the repair and construction of the building in question, and that Shilling had transferred to it the note and lien involved, and prayed that it have judgment for the debt and for foreclosure of the lien.

The case was tried to a jury upon special issues, in answer to which they found (a) that Shilling had substantially complied with the building contract; (b) that it would cost appellants the sum of $600 to remedy the defects and supply the omissions in the work done by Shilling to make same conform to the contract; (c) that material, labor, and supplies to the amount of $193 were furnished by others than Shilling or the Gulf Manufacturing Company, and which were under the contract to be paid for by Shilling, and for which he had not paid; and (d) that the value of the addition and repairs to the home-

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

stead of appellants made by Shilling was $1,125.

On the findings of the jury, judgment for appellees was entered against appellant P. E. Dupuy in the sum of $1,444.16, same being $1,312.88, as principal and interest due on the contract, and $131.28 as attorney's fees, aggregating $1,444.16, with interest at the rate of 9 per cent. per annum from the date of the judgment, and for a foreclosure against Dupuy and his wife of the mechanic's, laborer's, and materialman's lien on the property in question, except as to the attorney's fees.

[1, 2] The judgment will have to be reversed. It appearing from the pleadings and proof that there was not a full compliance with the plans, specifications, and terms of the building contract, appellees could not recover without invoking the equitable doctrine of substantial performance. The jury found, in answer to special issue No. 1, that there was a substantial performance of the contract, but after a careful consideration of the evidence we do not believe that the finding has sufficient support in the evidence, but that same is against the great preponderating weight of the evidence. Furthermore, in answer to another special issue, the jury found that it would require an expenditure of $600 by appellants to remedy the numerous defects and deficiencies and finish the work in conformance with the contract. This finding of the jury, we think, is abundantly sustained by the evidence. This finding is contrary to their finding of substantial performance. The whole contract called for $1,725. It will require more than one-third of the contract price to make good the failure of performance and complete the building according to contract. This within itself shows lack of substantial performance.

[3] The court refused to allow the sum of $193 found by the jury to have been furnished in material and labor by others than appellants, and which should have been paid by Shilling, but which he did not pay. This should have been allowed.

[4, 5] The court, in special issue No. 4, submitted the question of value of the addition and repairs made by Shilling to the home of appellants, in answer to which the jury said $1,125. This, subtracted from the contract price, $1,725, left the amount, $600, the jury found would be required to make the work conform to the contract. This was simply submitting the issue of quantum meruit. That was not an issue. Shilling brought suit for the entire amount of the note, alleging full performance on his part. In replication to appellants' answer of failure of consideration and failure of performance, he again pleaded full performance and also substantial performance, and prayed for judgment for the full amount and for foreclosure of the lien. There was no plea of quantum meruit. Furthermore, there can be no lien for a quantum meruit performance in the execution of a builder's contract for improvements on the homestead, unless there is such an express provision in the written contract providing for the lien. Harrop v. National Loan & Investment Co. (Tex. Civ. App.) 204 S. W. 878; Enterprise Co. v. Neely (Tex. Civ. App.) 217 S. W. 1089; Paschall v. Loan Co., 19 Tex. Civ. App. 102, 47 S. W. 100. If there had been a plea of quantum meruit, it would have been of no avail, for there is no such provision in the written contract for the improvements and lien. To entitle appellees to their lien and its foreclosure, they must show either a full or a substantial performance of the contract. Murphy v. Williams, 103 Tex. 155, 124 S. W. 900; Enterprise Co. v. Neely (Tex. Civ. App.) 217 S. W. 1089.

[6] Appellants offered the testimony of J. J. Rivet, a person skilled and experienced in carpentry and building of houses, and who had examined the work on appellants' house to show that the work performed was not done in a good, workmanlike manner. Appellees' objection to this testimony was sustained by the court and the witness not permitted to testify. The bill shows that he would have testified that said work was not done in a good workmanlike manner. The contract called for the work to be so done. If it was not, then the contract was not complied with, and that was the heart of appellants' pleaded defense—failure of performance. It was error to exclude the proffered testimony. Missouri, K & T. R. Co. v. Hagler (Tex. Civ. App.) 112 S. W. 783; Stark Grain Co. v. Harry Bros. Co., 57 Tex. Civ. App. 529, 122 S. W. 947 (writ refused); Decatur Cotton Seed Oil Co. v. Belew (Tex. Civ. App.) 178 S. W. 607.

Other questions are presented, but, as they may not arise upon another trial, they will not be discussed.

From what has been said, it follows that the judgment should be reversed, and the cause remanded, and it is so ordered.

Reversed and remanded.