## FEDERAL CRUDE OIL CO. v. YOUNT–LEE OIL CO. et al.

### No. 1197–5545.

Commission of Appeals of Texas, Section B.

Feb. 4, 1931.

Nelson Phillips, of Dallas, and W. D. Gordon, E. E. Easterling, and M. S. Duffie, all of Beaumont, for appellant.

R. L. Batts, of Austin, and Beeman Strong and Orgain & Carroll, all of Beaumont, for appellees.

RYAN, J.

The Federal Crude Oil Company was incorporated under the laws of the state of Texas, on April 23, 1901, to exist for fifty years, for the establishment of an oil company with the right to lease and purchase the right to prospect for coal and other minerals and petroleum, to erect and own oil tanks, cars, and pipes, to hold lands, and do such acts and make such contracts as may be necessary, for the operation of its business. The corporation entered upon a tract of land containing 13.8 acres out of the John Douthitt survey in Jefferson county, in 1901, and drilled a well in search of oil to a depth of approximately 2,700 feet, the land having been acquired by said corporation in fee simple, prior to that time. Failing to find or develop oil, and its cash resources being exhausted by its debts and obligations incurred in the operation of its business, it thereupon ceased its efforts to produce oil, to pay its taxes, or to transact any other business in forwardance of the purpose of its organization, and has never since that time resumed such business operations.

Upon the default in the payment of its franchise taxes to the state of Texas, the secretary of state, in the manner provided by law, on July 1, 1905, legally forfeited its right to do business and entered on the record of his office, opposite its name, a memorandum stating that its right to do business was forfeited for failure to pay its franchise taxes.

On June 5, 1928, with its application to the secretary of state for a revival of its corporate franchise rights, it tendered to the secretary of state, in cash, the sum of $10,500 (the amount of delinquent taxes, interest, penalties, and costs, as required by law), which the secretary of state accepted and issued the following certificate:

"Whereas, on July 1, 1905, the right of the Federal Crude Oil Company, a domestic corporation, with its principal place of business at Beaumont, Texas, was forfeited by the Secretary of State of the State of Texas as provided by law, for failure to pay its franchise taxes; and

"Whereas, said corporation has transacted no business since said forfeiture until the present time, and it now seeks to revive its right to do business under the provisions of Article 7092, Revised Statutes.

"Now, therefore, I, Jane Y. McCallum, Secretary of State of the State of Texas, do hereby certify that The Federal Crude Oil Company, having paid its franchise tax and all penalties which have accrued from the time of such forfeiture, up to and including April 30, 1929, is hereby re-instated as a corporation in

good standing on the records of this office, and that its right to do business has been revived thereby."

The agreed statement of facts contains the following stipulation:

"It is admitted that the Secretary of State of Texas, since the 5th day of September, 1913, based upon a written opinion officially rendered by the Attorney General of Texas, of that date * * * has uniformly accepted from corporations whose franchise rights had been forfeited for non-payment of franchise taxes, when more than six (6) months had elapsed from the date of such forfeiture, said delinquent franchise taxes, penalties, interest, and costs, and issued certificate of revival of such corporations upon the payment thereof. That hundreds of delinquent corporations have been issued such certificates. That in no case has the Secretary of State refused to accept said sums and to issue a certificate of revival."

This suit was filed on June 12, 1928, by the Federal Crude Oil Company against Yount-Lee Oil Company, a private corporation, and B. E. Quinn, as defendants, for the recovery of said tract of land and the value of the oil extracted therefrom by said defendants.

The defendants, in due time, filed plea in abatement, alleging that the secretary of state, on July 1, 1905, because of the company's failure to pay the state franchise taxes, forfeited its right to do business in this state; that it did not within six months of that time, or at any time thereafter, until June 5, 1928, pay or attempt to pay the delinquent franchise taxes or penalties as provided by law; that the company was without authority to pay said delinquent taxes in the year 1928 with the consequential right of doing business restored, and such payment did not operate to revive its right to do business to such an extent as to maintain in the courts of this state any cause of action or to assert any defense in any suit in said courts; that the act of the secretary of state accepting said franchise taxes in 1928 did not operate to revive the company's right to do business or give it the right to maintain this suit.

Said plea in abatement then continues:

"That if the Federal Crude Oil Company, an alleged corporation, had a right, after so long a time to pay said delinquent franchise taxes and penalties and had the right to have its general right to do business revived and restored by making payment thereof, yet, nevertheless, said alleged corporation does not have the right, to maintain this suit, which was filed on the 12th day of June, 1928, upon a cause of action which arose, if at all, according to the allegations in plaintiff's petition, on or about the 1st day of July, 1926, which was approximately twenty years sub-

sequent to the forfeiting of the right of the said company to do business, and more than two years prior to the time said alleged company paid its delinquent franchise taxes and penalties and attempted to have its right to do business revived.

"Wherefore, premises considered, these defendants pray that said suit be dismissed, and that no action be taken by this court herein further than to dismiss said suit."

By way of answer to the plea in abatement, plaintiff in error interposed the following:

"(1) That it was created by the act of incorporation in 1901 as a corporate entity, having the status in law of a person with all the rights and privileges of a natural person and that it became, within the meaning of the law, a citizen of the State of Texas and of the United States, and as such is entitled to the guarantees and protection accorded the natural person and citizen within the terms of the Federal and State Constitutions and laws of Texas.

"That after it was thus created as an artificial person and while in good standing in transacting business as provided in its charter and long prior to the time when its right to do business was forfeited as stated in the plea in abatement, it acquired by purchase at a valuation of approximately One Hundred and Forty Thousand Dollars, ($140,000.00), in fee simple title the land and premises described in its original petition in this suit and made the subject of this litigation.

"That said corporation, from the time its right to do business was forfeited until that right was restored on the 5th day of June, 1928, transacted no business in this State.

"Wherefore, it says: that the attempt to deprive it of its right to prosecute this suit for the recovery of the title and possession of its land and for the oil extracted therefrom by the defendants as alleged by it in its petition in this case is in effect a denial to its rights guaranteed by the Fourteenth Amendment to the Constitution of the United States. And it here pleads the guarantees of its constitutional right to invoke the power, process and jurisdiction of this Court in the premises, and it here asserts the privileges and immunities thereby guaranteed to it by said constitution.

"And for further answer to said plea in abatement this plaintiff avers that the attempt to deny it the right to assert in this Court its rights vouchsafed to it by the laws of Texas, is in effect a denial of section 19 and section 20 of the Bill of Rights of the Commonwealth of Texas, and is specifically a denial of the rights guaranteed to it by article 16, section 18, of the Constitution of the State of Texas.

"Wherefore, it pleads as against said plea in abatement the foregoing provisions of the Constitution of the State of Texas.

"And in this connection this plaintiff avers that it is wholly immaterial to its right to sue for recovery and protection of its property so lawfully conveyed to it, and by law invested in it, whether it ceased to do business as specified in its charter subsequent to the forfeiture of such rights by the Secretary of State on the 1st day of July, 1905, as alleged in the plea in abatement; and irrespective of whether or not it thereafter revived its right to do business in Texas as a corporation on the 5th day of June, 1928, as alleged in said plea in abatement; and irrespective of whether certificate had ever issued by the Secretary of State evidencing its right thereafter to do business in the State of Texas pursuant to its charter privileges; for that, having lawfully acquired and become invested with the property which it now sues to, recover from the defendants, it is vouchsafed and guaranteed the right under the laws of Texas and by the Constitution of the United States as declared in its Fourteenth Amendment, and by the Bill of Rights and Constitution of the State of Texas as set forth in the Sections above referred to, as a citizen and person in law, to sue for and recover in the Courts of Texas, and specifically under the terms of its complaint in this Court, the estate and property rights here involved and in issue. And this Honorable Court has no power to deny to it the right to sue for and recover its property, whether it paid its franchise taxes or did not pay them.

"And of this it prays the judgment of the Court as to the legal sufficiency of the plea in abatement seeking to deny the exercise of these rights and privileges.

"(2) On the 5th day of June, 1928, this corporation, plaintiff, applied to the Secretary of State of Texas and tendered to that official all of its delinquent franchise taxes, penalties and costs, which had by law accumulated against it in behalf of the State of Texas, and which amount was fixed, as provided by law, by the Secretary of State of Texas for it to pay in order to revive its rights to pursue its charter purposes and transact business in Texas, amounting to the sum of Ten Thousand Five Hundred Dollars ($10,500), which amount was demanded by the Secretary of State to be paid as a condition precedent to the revival of its rights to do business from which it had been suspended as aforesaid. This amount was paid in cash to said Secretary of State and pursuant to law and uniform construction of the law in such matters, the Secretary of State did revive its right so to do business in Texas, and restore it to full exercise of its corporate franchise rights in all respects as if said forfeiture had never been entered, and as if said franchise taxes and penalties had never accrued against it. That such action on the part of the Secretary of State was in compliance with the law in such cases made and provided for, with the uniform custom and policy of that Department of State construing and dealing with such matters, and in harmony with that custom and practice which had been uniformly applied in similar instances where many hundreds of corporations had been duly revived and restored by the payment of their delinquent franchise taxes, penalties and costs, occurring more than six months after the entry of the order of forfeiture of these rights to do business in like manner as had been done in this plaintiff's case.

"Wherefore, the attempt to deny to this plaintiff its right to prosecute this suit for the recovery of its property and damages as specified in its complaint or petition filed in this cause, after having been restored to all its privileges, rights and immunities, as a corporation to do business in Texas as provided in its charter, vouchsafed in its corporate life for a period of fifty (50) years from the date of its incorporation in 1901, is in effect to deny to it the guarantees stipulated and provided in and by the Fourteenth Amendment to the Constitution of the United States, and by the Bill of Rights and the Constitution of the State of Texas in the particulars hereinabove pointed out.

"The plea in abatement so interposed against the plaintiff's right to sue for and recover its property in this case is a direct assumption that though said property and damages for which it sues belong to the plaintiff corporation as its own property, that the defendants, without right, title or interest therein, can take and appropriate the plaintiff's property to their own use and benefit, and that the plaintiff though a lawful person and citizen of the State of Texas and of the United States, is denied the right to come into the Courts of Texas, as in manner and form herein done, and is denied the equal protection of the laws of Texas and the process and power of the Courts in the enforcements of its vested rights, which are constitutionally vouchsafed to it in common with all other persons and citizens.

"Wherefore, the plaintiff invokes said constitutional protection in answer to the plea in abatement filed against it in this case and in support of its right as a person and a citizen of Texas and of the United States to sue in this Court for the recovery and protection of its property rights in manner and form as asserted in its petition.

"Wherefore, it prays that the plea in abatement be overruled."

The trial court, after hearing said plea in abatement, the answer thereto, and the agreed statement of facts introduced in evidence, sustained the plea in abatement and dismissed the suit, holding that the Federal Crude Oil Company, upon the undisputed facts as above shown, could not maintain the suit for the purposes of any relief prayed for by it.

An appeal was duly perfected to the honorable the Court of Civil Appeals for the Ninth Supreme Judicial District, and that court certifies two questions, viz.:

"Question No. 1. Did the payment by appellant, in June 1928, to the Secretary of State, of its delinquent franchise taxes due the state, with accumulated penalties, and the acceptance thereof by the Secretary of State, and the revival by the Secretary of State, or attempted revival, of appellant's right to carry on its business in Texas, revive and restore such right to appellant so as to entitle it to maintain this suit?

"Question No. 2. If the payment in June, 1928, by appellant to the State of Texas of its delinquent franchise taxes, with accumulated penalties, and the acceptance thereof by the Secretary of State and the revival, or attempted revival, by the Secretary, of State of appellant's right to carry on its business in Texas was not effectual to revive and restore such right to appellant so that it thereby could maintain the present suit, is it, nevertheless, entitled to maintain this suit, to recover the land involved, which it alleges has been unlawfully taken from it by appellees, because of its having acquired the land at a time when its current franchise taxes were fully paid up, and when it had the right to carry on its business under its charter and was in good standing?"

### Opinion.

██ Entry by the secretary of state, of forfeiture of its right to do business in this state, did not operate a forfeiture of the delinquent corporation's charter and did not, ipso facto, dissolve such corporation. Such dissolution can only be effected by a suit at the instance of the state brought for that purpose. Rippstein v. Haynes Medina Valley Ry. Co. (Tex. Civ. App.) 85 S. W. 314; Fox v. Robbins (Tex. Civ. App.) 62 S. W. 815, 819; Millsaps v. Johnson (Tex. Civ. App.) 196 S. W. 202; Canadian Country Club v. Johnson (Tex. Civ. App.) 176 S. W. 835; Fox v. Robbins (Tex. Civ. App.) 70 S. W. 597; Bunn v. City of Laredo (Tex. Civ. App.) 213 S. W. 320; 3 Cook on Corporations (8th Ed.) §§ 631, 632.

██ It does not appear from the certificate before us that there has ever been any dissolution of the corporation; only its right to do business was suspended by the failure to pay the franchise tax in 1905. Not having been dissolved, it is still in all respects a legal entity, and it is not suing to recover on any business done during the suspension period of its right to do business. It acquired the title to the land in controversy while it was in good standing and while its right to do business was in full force, and is now seeking merely to recover, of alleged trespassers, that which it legitimately and legally acquired before the secretary of state noted the forfeiture in 1905.

██ The act of the secretary of state cannot be given the effect of closing the courts to the corporation and precluding a recovery by it of property it had already and lawfully acquired. Texas Land & Mortgage Co. v. Worsham, 76 Tex. 556, 13 S. W. 384; Deveny v. Success Co. (Tex. Civ. App.) 228 S. W. 295; Kingman Implement Co. v. Borders (Tex. Civ. App.) 156 S. W. 614.

██ A corporation's right to carry on its business may by law properly be terminated for failure to pay a franchise tax, but the cessation of its right to do business does not work a forfeiture of its property and denude it of the right to protect the same. It follows as a necessary corollary that it has the right to so protect itself and its property by judicial remedy. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; Hendrickson v. Apperson, 245 U. S. 105, 38 S. Ct. 44, 62 L. Ed. 178; Turnpike Co. v. Sandford, 164 U. S. 578, 17 S. Ct. 198, 41 L. Ed. 560; Osborn v. Nicholson, 13 Wall. 654, 20 L. Ed. 689.

So, inasmuch as the corporation's rights had become legally vested, before the termination of its right to do business for failure to pay a franchise tax, that termination did not destroy or impair its ownership of the property, nor could it deprive the corporation of the right to enforce its ownership in the courts. 1 Cooley on Constitutional Limitations (8th Ed.) pp. 592, 593.

██ The corporation never having been dissolved as a legal entity, it was the only proper party plaintiff in the case; neither its directors, as trustees, nor its stockholders were necessary or proper parties. Rippstein v. Haynes Medina Valley Ry. Co. (Tex. Civ. App.) 85 S. W. 314; Fox v. Robbins (Tex. Civ. App.) 62 S. W. 815, 819.

██ We are of opinion that plaintiff in error is entitled to maintain this suit to recover the land involved, which it alleges has been unlawfully taken from it by defendants in error, because it acquired the land at a time when its current franchise taxes were fully paid up, and when it had the right to carry on its business under its charter and was in good standing, regardless of whether the payment in June, 1928, by plaintiff in error to

the state of Texas of its delinquent franchise taxes and accumulated penalties, was or was not effectual to revive and restore its right to do business in this state, and recommend that question No. 2 be so answered, which renders unnecessary any answer to question No. 1.

CURETON, C. J.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.