### SOUTHWESTERN ADVERTISING CO. et al.
#### v. STUBBS et al.
#### No. 11859.

Court of Civil Appeals of Texas. Dallas.
Dec. 21, 1935.

Rehearing Denied Jan. 18, 1936.

Touchstone, Wight, Gormley & Price and Max R. Rosenfield, all of Dallas, for plaintiffs in error.

BOND, Justice.

On April 13, 1927, the Southwestern Advertising Company instituted this suit against Nature Products Company, a corporation, George A. Sprague, E. J. Russell, and C. G. Stubbs to recover an amount due upon a contract entered into by the plaintiff and the Nature Products Company, obligating the plaintiff to put on an extensive advertising campaign for the sale of merchandise of the Nature Products Company; and, also upon a written guaranty by the other defendants to pay the plaintiff his salary or commission for extending the service; the sum is stated to be $7,671.44. The defendants were each duly served with citation.

On April 22, 1927, the defendants George A. Sprague and E. J. Russell filed jointly an answer; and, on February 14, 1928, filed an amended answer, in which they are joined by the defendant C. G. Stubbs; and, on February 29, 1932, filed another amended answer. The defendants' answers present general demurrer, numerous special exceptions, general denial, and pertinent special defenses to the plaintiff's cause of action.

On September 1, 1932, Tracy-Locke-Dawson, Inc., plaintiff in error, intervener in the court below, filed an original plea of intervention, in which is claimed that the intervener is interested in the subject-matter of the suit; that it is the legal holder and owner of the account sued upon by the plaintiff, having purchased the account pendente lite; and that it adopted in toto the substantive allegations of the plaintiff's petition; and, on February 21, 1933, in compliance with an order of the trial court, amended its pleadings, reciting therein more in detail the assignment, further particularizing the account sued upon, attaching a copy of the contract of guaranty, and again adopting all the substantive allegations of the plaintiff's petition.

On November 8, 1933, George A. Sprague and C. G. Stubbs, the defendants in error, presented, in due order of pleading, their joint plea in abatement, alleging that the plaintiff Southwestern Advertising Company is no longer interested in the suit; that it has for more than four years ceased to be a legal entity; and that it had theretofore, on June 11, 1928, transferred to the intervener, Tracy-Locke-Dawson, Inc., "all its rights in and to the cause of action alleged and set out in plaintiff's petition"; and, also alleging that the intervener, having come into possession, by a written bill of sale, to "all the plaintiff's right, title and interest in its said cause of action, accounts and guaranty," and, having failed to file pleadings in the suit prior to the filing of its plea of intervention, September 1, 1932, all of its rights and claims therein are barred by the two and four-year statutes of limitation (Vernon's Ann.Civ.St. arts. 5526, 5527).

The court, in limine, sustained the defendants' plea in abatement and entered judgment in favor of all the defendants and against the plaintiff and the intervener. The judgment, as entered, reveals that the action of the court is predicated alone on disclosures in the pleadings of the parties to the effect that the plaintiff, Southwestern Advertising Company during the pendency of the suit, had transferred the cause of action, thus it is no longer a party in interest; and that the intervener, Tracy-Locke-Dawson, Inc., by the failure to make itself a party to the suit after the transfer, for more than four years, as to it, the cause of action is barred by the statutes of limitation.

Without doubt, real parties in interest may, in proper cases, intervene to protect their rights; and certainly an assignee or the purchaser of a claim in suit is an interested party; has an interest sufficient to entitle him to intervene or make himself, or be made a real party in interest. It is not necessary for an assignee or purchaser pendente lite to come in; he takes the transfer subject to the result of the litigation. Matthews v. Boydstun (Tex.Civ.App.) 31 S.W. 814 (error refused); J. T. Stark Grain Co. v. Harry Bros. Co., 57 Tex. Civ.App. 529, 122 S.W. 947 (error refused); Thompson v. Cartwright, 1 Tex. 87, 46 Am.Dec. 95; Allison, Bailey & Co. v. Phœnix Ins. Co., 87 Tex. 593, 30 S.W. 547.

In the Cartwright Case, supra, the court said: "The person who appears to be the legal holder of a promissory note, may maintain an action upon it in his own name, although the actual ownership is in another."

Where the assignee does, however, intervene, instead of substituting himself, or is brought in for the original plaintiff, the party bringing the suit is not thereby exonerated from the responsibility of the suit. The suit, as the plaintiff pleads it, may continue alone in the name of the original plaintiff, or with the intervening claimant as a party in interest, so as to adjudicate the community of interest between the parties. The assignment of the claim does not divest the original plaintiff of his right to remain in the suit, to the end that a trial may be had on the merits of the suit for the protection of himself, or for the benefit of his assignee. So, we think the court erred in rendering judgment on the plea in abatement against the plaintiff named in the suit; the intervener had a right to have its assignor to remain in the suit to share with it the responsibility of the litigation.

Furthermore, the timely commencement of the suit by the plaintiff interrupted the running of the statutes of limitation, both as to the plaintiff who is named in the petition and also as to the intervener who, by virtue of the assignment, has a community of interest with the plaintiff and the defendants in the cause of action. The mere intervention, the substantive facts being the same as in the original petition, is not the institution of a new suit within the meaning of the statutes of limitation, even though it would be barred if set up in a separate action by the intervener.

In the case of Russell v. People's National Bank of Belton (Tex.Civ.App.) 2 S. W.(2d) 961, 962, the contention was there made, as here, that the intervener's right to recover upon the cause of action was barred by limitation because his intervention was filed more than four years after the due date of the claim in suit; the Austin Court of Civil Appeals, error refused by the Supreme Court, in that case, said: "In the first place, where suit is brought upon a negotiable instrument in the name of the payee or indorsee thereof, the statute is tolled in favor of the true owner although the latter does not intervene or become a party to the record until after the bar would, but for the filing of the suit, have attached. The holding is that the intervention does not constitute a new cause of action. Field v. Gantier, 8 Tex. 74; Foote v. O'Roork, 59 Tex. 215; Hanna v. Drennan, 2 Posey, Unrep.Cas. 536; Triplett v. Morris, 18 Tex.Civ.App. 50, 44 S.W. 684; Howard v. Stahl (Tex.Civ. App.) 211 S.W. 826. See, also, 37 C. J. pp. 1064, 1065, and note 64. In the second place, one holding the legal title to a negotiable note either as payee or indorsee may maintain an action thereon in his own name though the equitable or beneficial ownership thereof be in another."

Enlightened by the record in this case and the authorities cited, we are of the opinion that the trial court erred in sustaining the defendants in error's plea in abatement, thus rendering judgment against the plaintiffs in error; the judgment, therefore, is reversed and the cause remanded.

Reversed and remanded.