## FIDELITY & DEPOSIT CO. OF MARY-LAND v. REED.

### No. 10914.

Court of Civil Appeals of Texas.
San Antonio.

March 5, 1941.

Rehearing Denied May 14, 1941.

Jno. C. North, of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

MURRAY, Justice.

This is the second appeal of this cause. Our opinion on the first appeal is to be found in 108 S.W.2d beginning at page 939.

Justice Slatton, speaking for this Court, in that opinion stated the nature and result of the first trial as follows:

[page 940]

"Appellee filed suit against the Securities Service Corporation, H. G. Walker, trustee for the Securities Service Corporation, and Fidelity & Deposit Company of Maryland, alleging in effect that appellee purchased 100 shares of stock, for which she paid the sum of $1,762.50, from the Securities Service Corporation; that such stock was never delivered to her; that the stock was taken by one of the employees of the Securities Service Corporation; and further alleging all elements of conversion on the part of the agents and employees of the Securities Service Corporation. Appellee also pleaded that appellant, Fidelity & Deposit Company of Maryland, had executed and delivered a bond to the Securities

Service Corporation, which bound and obligated the appellant to hold the Securities Service Corporation harmless against direct loss (the bond was an exhibit to appellee's pleading), and prayed for judgment for the conversion of such stock. Appellant answered by plea in abatement, by general demurrer, and special exceptions. Said plea in abatement and special exceptions questioned the right of appellee to sue appellant on the bond, for the reason that said bond was an indemnity bond running to the benefit of Securities Service Corporation, and therefore there was no privity of contract between appellee and the appellant.

"The trial was to the court without the intervention of a jury, and judgment was rendered in favor of appellee against the Securities Service Corporation and its trustee, and the Fidelity & Deposit Company of Maryland, in different amounts. The insurance company alone appeals."

■ The opinion, among other things, holds that the bond was one of indemnity for the sole benefit of the Securities Service Corporation of Dallas, Texas, and not the appellee. And, further, that as a general rule the only party entitled to sue on such contract is the indemnitee or some one in his right, such as his assignee.

After the case was reversed, appellee, on April 25, 1939, secured an order of the United States District Court for the Northern District of Texas authorizing and directing William C. Pannill, Trustee in the matter of Securities Service Corporation, bankrupt, who had been appointed to succeed H. G. Walker, trustee, to transfer and assign to appellee any and all claims, demands and causes of action of whatever kind which Securities Service Corporation has, or may have had, against the Fidelity and Deposit Company of Maryland by reason of the conversion by Larry Gragg of the stock certificates covered by the one hundred (100) shares of stock purchased and paid for by appellee. The judgment recited that it was without prejudice to the right "if any it have" of the Fidelity and Deposit Company of Maryland to raise the question in the prosecution of any suit on such assignment as to the jurisdiction of the Federal Court to enter such judgment at the time.

On May 13, 1939, William Pannill, as such trustee, executed the assignment which the Court had authorized and directed him to execute.

Appellee amended her pleadings setting up this assignment.

A trial was then had to a jury and the case submitted upon the following sole issue: "What do you find, from a preponderance of the evidence was the average market value, if any, of one hundred shares of Bendix Aviation Stock, if you find that it had a market value, on the day before the Securities Service Corporation discovered their loss? Answer in dollars and cents. if any. Answer: $1600.00."

Judgment was rendered on April 1, 1941 (allowing interest at the rate of 6% per annum from the time of the conversion of the 100 shares of stock), in the sum of $2,080.

From this judgment Fidelity and Deposit Company of Maryland has prosecuted the present appeal.

Appellant contends that it should have been given an instructed verdict because it was not shown that Service Securities Corporation had suffered any loss, in that it received payment for the stock converted by its employee and has never returned the money to appellee. We overrule this contention.

■ By the terms of the bond, Fidelity and Deposit Company of Maryland "agrees to indemnify Securities Service Corporation, Dallas, Texas, * * * against the direct loss, sustained while this bond is in force * * * of any money or securities, or both, as defined in Section 5 hereof, in which the Insured has a pecuniary interest, or held by the insured as collateral, or as bailee, trustee, or agent, and whether or not the insured is liable therefor * * * in an amount not exceeding Twenty Five Thousand Dollars * * *." The record shows that the 100 shares of stock were in the possession of Securities Service Corporation when they were converted by one of its employees. The corporation was obligated to deliver these shares to appellee. After their conversion it was unable to perform its obligation to appellee and in this manner certainly had sustained a loss. The fact that appellee had paid the consideration for the shares of stock did not change the situation in any way and the corporation was still under the duty of delivering such shares of stock to appellee. Before the conversion the corporation had the 100 shares of stock and was prepared to make delivery, but after the conversion it did not have the stock and was unable to meet its obligation to deliver such stock to

appellee. St. Paul Fire & Marine Insurance Company v. Charlton, Tex.Civ.App., 231 S.W. 862.

█ Appellant next contends that appellee's cause of action was barred by the four-year statute of limitation. Art. 5529, Vernon's Ann.Civ.Stat. We overruled this contention. The original suit was not barred when filed and the cause of action set out in appellee's amended petition, upon which she went to trial, was based upon the same transaction as the original suit.

Article 5539b, Vernon's Ann.Civ.Stats., provides as follows: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require. (Acts 1931, 42nd Leg., p. 194, ch. 115, § 1.)"

See also Southwestern Advertising Company v. Stubbs, Tex.Civ.App., 89 S.W.2d 799; Major v. Meinrath Brokerage Co., Tex.Civ.App., 116 S.W.2d 861; Texas P. Coal & Oil Co. v. Smith, Tex.Civ.App., 130 S.W.2d 425.

█ Appellant next complains that the order of the United States District Court and the assignment executed by the trustee of the bankrupt estate of Securities Service Corporation, conveying to appellee the corporation's claim against appellant, was void and of no effect, because appellee did not file a claim within the six months' period required by law. We overrule this contention. The U. S. District Court had the discretionary power to authorize and direct the trustee to execute the assignment if under all the facts it deemed such action proper. Appellant is in no position to collaterally attack this order of the court or the assignment executed pursuant thereto by the trustee. Fidelity Union Casualty Co. v. Hanson, Tex.Civ.App., 26 S.W.2d 395, affirmed by Commission of Appeals, 44 S.W. 2d 985; Gregg Grain Co. v. Walker Grain

Co., 5 Cir., 285 F. 156; In re United Cigar Stores Co. of America, 2 Cir., 82 F.2d 744, In re Paramount Publix Corp., D.C., 7 F. Supp. 988; In re Utilities Power & Light Corp., 7 Cir., 90 F.2d 798; In re 1030 North Dearborn Building Corp., D.C., 9 F.Supp. 972; People of State of New York v. Hopkins, 2 Cir., 18 F.2d 731; Employers' Liability Assur. Corp. v. Astoria Mahogany Co., 2 Cir., 6 F.2d 945.

█ Appellant next complains that interest should not have been allowed on the amount found by the jury prior to the date of the assignment to appellee. We overrule this contention. Securities Service Corporation certainly would have had the right to collect interest from the date of the loss, and appellee being the assignee of the corporation could make any claim against appellant which could have been made by her assignor.

The judgment is affirmed.