168 So.2d 486

**Herschel A. KING et al.**

v.

**HAWTHORNE SCHOOL OF AERO-NAUTICS, INC.**

**4 Div. 163.**

Supreme Court of Alabama.

Oct. 22, 1964.

Joe C. Cassady, Enterprise, for appellee.

Joe S. Pittman and Kenneth T. Fuller, Enterprise, for appellants.

**PER CURIAM.**

From an adverse decree of the Circuit Court of Coffee County (Enterprise Division), in Equity, on a declaratory petition, the petitioners appeal.

There was very little, if any, conflict of material evidence so as to invoke the rule long adhered to in this court that when evidence is taken orally (as here) before the Chancellor, the decree rendered is accorded the weight of the verdict of a jury, and will not be here disturbed unless plainly and palpably erroneous. Preskett et al. v. Chandler et al., 214 Ala. 278, 107 So. 750(2). The issue here presented is limited to an interpretation of a contract between the parties.

Complainants were employed by respondent as flight instructors at Fort Rucker. This employment took place at various times between August, 1959, and March, 1962. The employment was at the will of respondent and not for any specific time.

Each employee (including complainants) at the time of employment was furnished a written "Manual," prepared by respondent, setting forth the duties of the employee,

"what the company would expect of them and what they could expect of the company, including basis of pay, vacation, sick leave, overtime and other information."

We think the manual, although not specifically included as a part of the contract of employment, should be treated as an incentive to continued and faithful service, and also as a contractual criterion of pay in the event the employer decided to discontinue employment of the employee, under circumstances set forth in the manual.

On page 25 of the manual appears a provision as follows:

"SEPARATION PAY

"When it is necessary to lay off an employee without minimum of two weeks' notice and the layoff is caused through no fault of the employee, said employee will be paid one weeks' [sic] separation pay in lieu of notice."

Complainants in their petition for declaratory judgment claimed one week's separation pay according to their interpretation of the foregoing provision. The trial court denied such claims.

The manual contained a provision as follows:

"OUR CONTRACT

"Invitations for Proposal were issued May 18, 1959, after the decision was reached by the United States Army to move Primary Fixed Wing Training from Camp Gary, San Marcos, Texas to Fort Rucker, Alabama.

"Hawthorne was successful in its bid, against several qualified and competitive firms, and was awarded the contract to conduct Primary Fixed Wing Training for the United States Army at Fort Rucker on June 22, 1959.

"We operate Primary Fixed Wing Training under a Fixed Price Contract which is administered by the Purchasing and Contracting Officer and his designated representatives. The contract is awarded on the basis of competitive bids with a contract option for the government to renew the contract for the second and third years by negotiation with the Contractor if the government so desires. * * *"

The trial court in its decree made the following observation:

"In view of the above quoted provisions of the manual, it is apparent that the complainants, as employees of the respondent, knew that respondent's contract must be re-bid at the expiration of three years. In addition thereto, complainants were told by the respondent on April 27, 1962 that the contract must be re-bid on a competitive basis, and that it was one of the bidders. The testimony reflects that the complainants were fully cognizant all the while that the respondent's contract with the Army terminated on June 30, 1962 unless it was reissued to the respondent on competitive bid. All of this is knowledge of the parties that must be considered in determination of this problem. The contract in question is the only one that the respondent had."

The evidence further shows, according to the decree and findings of the trial court, that on April 26, 1962, before the contract expired on June 30, 1962, the respondent called a meeting of its employees, including complainants, and advised them that the contract was up for re-bid, and that respondent was one of the bidders. Complainants claim that on this occasion respondent expressed hope of a successful bid, but this expression respondent denied. Respondent was not notified in any way until June 26, 1962, that it was not the successful bidder. This notification was fol-

**228**

lowed by official written notice on June 28, 1962. On June 27, 1962, respondent called its employees together and informed them of its failure to get the contract.

We do not think that it was within the contemplation of respondent that appellants were to be paid separation pay if it failed to give them two weeks' written notice that the contract would terminate on June 30, 1962. The manual so informed them of the expiration date and so did respondent at the meeting held on April 26, 1962. There was no necessity of additional notice in writing of such fact.

The word "layoff" employed in the paragraph respecting "Separation Pay," should be construed in the light of all the provisions and statements in the manual which, when so construed, must reasonably be held to mean separation from employment while the contract of respondent with the Army was in full force and effect, and not separation due to expiration of the contract, of which date complainants had notice. Respondent kept complainants and other employees employed, with no delinquency in salary or fringe benefits, until the contract expired. Complainants could reasonably foresee the uncertainty of further employment with respondent after June 30th; and with such knowledge, they had the opportunity of adjusting their economic and domestic problems, if any, to meet the demands of unemployment by respondent after June 30th.

It is our opinion that the decree of the trial court should be affirmed and it is so ordered.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.